PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. LINDSEY, ) | |
| ) | CASE NO. 4:23CV2250 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COUNTY OF MAHONING, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*Pro se* Plaintiff Kenneth D. Lindsey, a federal pretrial detainee held at the Mahoning County Jail, filed this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000cc-1(a), and 42 U.S.C. § 1983 against Mahoning County, Mahoning County Sheriff Jerry Greene, Mahoning County Jail Warden Cappibianca, Mahoning County Jail Lieutenant Diangelo, Mahoning County Administrator Mr. Kountz, and Mahoning County Commissioners D. Ditzler, C, Rimedio-Righetti, and Anthony Traficanti. He seeks monetary damages and injunctive relief.

**I. Background**

The claims asserted in Plaintiff's Complaint pertain to conditions of confinement in the Mahoning County Justice Center. Specifically, he lists twenty one conditions:

    1. The Sheriff denied him visits with family without informing him of the reason. ECF No. 1-1 at PageID #: 14.

    2. The food is cold. ECF No. 1-1 at PageID #: 14.

(4:23cv2250)

    3. The facility does not serve fruit. ECF No. 1-1 at PageID #: 14.

    4. The facility offers only Christian services. ECF No. 1-1 at PageID #: 14.

    5. The facility has cockroaches. ECF No. 1-1 at PageID #: 14.

    6. Inmates are locked down for large portions of the day.[1] ECF No. 1-1 at PageID #: 14, 16.

    7. The facility has a high rate of inmate on inmate fights. ECF No. 1-1 at PageID #: 15.

    8. A staff member was raped. ECF No. 1-1 at PageID #: 15.

    9. The facility charges federal inmates for telephone calls and Plaintiff believes those should be free. ECF No. 1-1 at PageID #: 15.

    10. Only Christian inmates are allowed to receive books. ECF No. 1-1 at PageID #: 15.

    11. The facility is receiving federal funding to feed federal detainees and they are receiving the same food as state and county detainees. ECF No. 1-1 at PageID #: 15.

    12. Inmates are not permitted to wash their clothes. ECF No. 1-1 at PageID #: 15.

    13. The showers are not cleaned every day and the toilet do not flush properly. ECF No. 1-1 at PageID #: 16.

    14. Food trays are not clean. ECF No. 1-1 at PageID #: 16.

---

[1] Plaintiff alleges in one portion of his Complaint that they are locked down all day. ECF No. 1-1 at PageID #: 14. In another place in the Complaint, he states they are locked down for half the day. ECF No. 1-1 at PageID #: 16.

2

(4:23cv2250)

>15. The mattresses are old and unclean. ECF No. 1-1 at PageID #: 16.
>
>16. The facility does not have enough chairs in the dorms for all inmates to sit. ECF No. 1-1 at PageID #: 16.
>
>17. The facility has no law library and offers only devices that do not work properly and are not offered free of charge. ECF No. 1-1 at PageID #: 16.
>
>18. The facility does not allow inmates to receive legal mail and do not allow inmates to send letters by certified mail. ECF No. 1-1 at PageID #: 17.
>
>19. Plaintiff has not been offered outside recreation since arriving at the jail. ECF No. 1-1 at PageID #: 17.
>
>20. Plaintiff has not received a medical examination or wellness check since arriving at the facility. ECF No. 1-1 at PageID #: 17.
>
>21. Plaintiff was denied medical care when he reported blood in his stool, vomiting, and loss of weight. ECF No. 1-1 at PageID #: 17.

Plaintiff indicates he is asserting claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and RLUIPA. ECF No. 1 at PageID #: 3. He claims the Defendants are sued in their official and individual capacities. ECF No. 1-1 at PageID #: 18. He seeks $1,200,000.00 in damages. ECF No. 1-1 at PageID #: 18.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon

3

(4:23cv2250)

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

**A. Individual Capacity vs. Official Capacity**

Plaintiff brings his claims against Defendants in their individual capacities and their official capacities. Individual capacity claims seek to hold a defendant personally liable for

4

(4:23cv2250)

damages. These claims must be based on the defendant's own actions. A defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Instead, individual liability requires some active unconstitutional behavior on the part of the defendant. *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless a plaintiff affirmatively pleads the direct involvement of the defendant in the allegedly unconstitutional action, the complaint fails to state a claim against that defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Conversely, claims asserted against defendants in their official capacity are claims directed at the political entity they serve, not the individual defendant. In this case, the claims asserted against Defendants in their official capacity are claims directed at Mahoning County. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). These claims must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691.

5

(4:23cv2250)

### 1. Individual Capacity

Plaintiff fails to state a claim against any of the Defendants in their individual capacities. Sheriff Greene is the only Defendant identified as being personally involved in the actions described in the Complaint. Plaintiff alleges Sheriff Greene denied him a visit or visits from his family without informing him of the reason for this action. The remaining Defendants are sued because they are responsible for operating the Justice Center. Because Plaintiff has not alleged facts to suggest that Defendants Ditzler, Rimedio-Righetti, Cappibianca, Diangelo, Kountz or Traficanti personally participated in any of the actions giving rise to this Complaint, the claims asserted against them in their individual capacities are dismissed.

Plaintiff's allegations against Sheriff Greene are very brief. He states only that Sheriff Greene denied him one or more visits with his family. He does not elaborate on that statement to explain what occurred, how often he was denied visits, or with which family members he was denied visitation. This limited amount of information is insufficient to state a claim upon which relief may be granted.

### 2. Official Capacity

Plaintiff also fails to state a claim against Mahoning County. He does not identify an ordinance enacted by the County that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Mahoning County as opposed to the actions of individuals working within the Justice Center. As a result, his claims against Mahoning County must be dismissed.

(4:23cv2250)

### B. Standing

Even if Plaintiff had identified a Defendant against whom his claims could be asserted, he failed to allege facts suggesting he has standing to raise the claims listed in his Complaint. With the exception of his claims concerning outside recreation and medical care, he does not allege that he personally experienced any of the listed conditions. He claims that the facility offers only Christian services and allows only Christian inmates to receive books but he does not indicate what religion, if any, he practices. He mentions conditions in segregation but he does not allege that he was ever sent to segregation. He claims the institution has a high rate of inmate on inmate fights but does not allege he personally experienced violence nor does he offer any explanation of what he considers to be a "high rate." He alleges that a staff member was raped by an inmate. Although he claims that he has "not been able to sleep right ever since the incident," he was not at the Mahoning County Justice Center on May 5, 2022 when that assault allegedly occurred. (He was not arrested until April 14, 2023.) A party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Plaintiff may be collaterally affected by the adjudication of another inmate or staff member's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692.

### C. RLUIPA

Plaintiff fails to state a claim under RLUIPA. This statute prohibits a state or local government from imposing "a substantial burden on the religious exercise of a person residing in

7

(4:23cv2250)

or confined to an institution" unless the government shows that the burden furthers "a compelling governmental interest" and "is the least restrictive means" of doing so. 42 U.S.C. § 2000cc-1(a). RLUIPA does not provide a cause of action against defendants in their individual capacities. *Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010). Moreover, it requires Plaintiff to allege facts that reasonably suggest the government entity's actions placed a substantial burden on his exercise of sincerely held religious beliefs. A substantial burden exists when the government places significant pressure on an adherent to modify his behavior and to violate his beliefs. *Haight v. Thompson*, 763 F.3d 554, 565 (6th Cir. 2014) (citing *Living Water Church of God v. Charter Twp. Meridian*, 258 Fed.Appx. 729, 739 (6th Cir. 2007)); *see Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003) (a substantial burden is one which renders religious exercise "effectively impracticable")). Plaintiff does not indicate what religion he practices, if any. He does not allege any facts suggesting that Mahoning County placed a substantial burden on the exercise of his sincerely held religious beliefs.

**D. General Conditions Claims**

Plaintiff asserts thirteen claims which pertain to general conditions of confinement. He alleges that: (1) the food is cold; (2) there is no fruit; (3) the facility has cockroaches; (4) inmates are locked down for hours; (5) there are inmate fights; (6) federal detainees are charged for phone calls; (7) federal detainees are served the same food as state and county detainees; (8) inmates in segregation cannot wash their clothes; (9) showers are not cleaned daily; (10) toilets do not flush properly; (11) mattresses are old and unclean; (12) there are not enough chairs in the dorms; and (13) he has not been given outdoor recreation. Given that Plaintiff does not identify any

8

(4:23cv2250)

constitutional right that he believes these actions violate, the Court liberally construes them as arising under the Fourteenth Amendment Due Process Clause.

To state a claim as a pretrial detainee for conditions of confinement, Plaintiff must demonstrate that he was held under conditions which posed an objectively and sufficiently serious threat to his health and safety and that each Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted); *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 317 (6th Cir. 2023).

The conditions listed, while unpleasant, do not rise to the level of a constitutional violation. The Constitution protects inmates by requiring that officials provide them with adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee their safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners cannot "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). The conditions listed in the Complaint are those that cause discomfort. Plaintiff does not allege that they present serious threats to his health and safety.

9

(4:23cv2250)

**E. Medical Claims**

Similarly, Plaintiff fails to state a claim under the Fourteenth Amendment for his medical treatment. He claims that he has been in the Mahoning County Justice Center for seven months and has not been offered a wellness check. He also claims he was also denied medical care when he reported blood in his stool, vomiting, and weight loss. He does not further elaborate on that statement. The Constitution requires officials to provide treatment for serious medical needs; however, it does not guarantee wellness checks. Moreover, Plaintiff's brief description of a medical condition, without more, does not state a plausible claim. The symptoms he describes can be associated with numerous conditions, many of which can be treated with rest, fluids, and over-the-counter medications. Plaintiff gives no indication of the severity of the symptoms or how long they persisted. He fails to state a claim under the Fourteenth Amendment for denial of medical care.

**E. Access to the Courts**

Finally, Plaintiff claims the facility has no law library, does not properly handle legal mail, and will not facilitate the sending of certified letters. He offers no further explanation of these claims. He does not indicate that he actually received legal mail, why he considered it to be legal mail, or how he believes it was mishandled. Moreover, there is no general constitutional right to a law library. To the extent that he was attempting to assert a claim for denial of access to the courts, he fails to do so. To prevail on that claim, he must demonstrate "actual injury" by showing that an underlying claim was non-frivolous, and that it was frustrated or impeded by

10

(4:23cv2250)

Defendant.  *Lewis v. Casey*, 518 U.S. 343, 353 (1996).  Plaintiff does not allege an actual injury as a result of these actions.

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  March 28, 2024                                    */s/   Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                      United States District Judge